IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

**ROCKY CALDWELL**

       Plaintiff,

vs.

**CHARLES PALMER, JASON SMITH, and MARY BENSON**

       Defendants.

**No. 12-CV-4115-DEO**

**ORDER ON OBJECTIONS TO INITIAL REVIEW ORDER**

## I. INTRODUCTION AND BACKGROUND

On January 23, 2013, this Court entered an Initial Review Order [hereinafter IRO] granting Rocky Caldwell's [hereinafter Mr. Caldwell] Motion for Leave to Proceed in Forma Pauperis, Motion for Appointment of Counsel, and allowing his 42 U.S.C. Section 1983 Complaint to proceed. Mr. Caldwell is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1] Pursuant to that Order, Mr. Caldwell's appointed attorney filed an Amended Complaint on March 22, 2013. On March 26, 2013, the

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited March 26, 2013.

Defendants filed an Answer to the Amended Complaint as well as an Objection to the Court's grant of in former pauperis status to Mr. Caldwell.

**II. OBJECTIONS TO IN FORMA PAUPERIS**

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). However, both individuals and prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under that statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. Id. Additionally, a prisoner seeking to bring a civil action shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C.A. § 1915(b).

2

The Defendants' Objection makes three arguments: 1) Mr. Caldwell has failed to meet the strict criteria for the affidavit required for the granting of in forma pauperis status; 2) Mr. Caldwell's affidavit misstates his monthly income; and 3) Mr. Caldwell has failed to submit a six month accounting as required by 28 U.S.C.A. § 1915(b).

The Court agrees with the Defendant regarding the first issue. Strictly speaking, Mr. Caldwell's affidavit is technically deficient in that it is neither signed nor notarized.[2] However, the Court notes that Mr. Caldwell represented himself pro se at the time he filed the application and affidavit. Accordingly, the Court will grant his appointed Counsel 20 days to file an amended application to proceed in forma pauperis and an amended affidavit. The amended documents shall meet the technical requirements of being signed and notarized.

The Defendants next argue that Mr. Caldwell's initial application misstates how much he makes on a monthly basis.

---

[2] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

3

The amended application filed by Mr. Caldwell's counsel shall correct any errors regarding his income.

Finally, the Defendants argue that Mr. Caldwell has failed to file a six month accounting as required by 28 U.S.C.A. § 1915(b). However, the Court notes that 28 U.S.C.A. § 1915(b) applies to "prisoners." As this Court has repeatedly stated, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[3] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more

---

[3] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, 1 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited March 26, 2013.

4

considerate treatment than criminals whose conditions of confinement are designed to punish;" and Michau v. Charleston County, S.C., 434 F.3d 725 (4th Cir. 2006), cert. denied Michau v. Charleston County, S.C., 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also Kansas v. Hendricks, 521 U.S. 346, 365-69(1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner]. See ... Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir.2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

Id. At 727-28. (Some internal citations omitted.)

Accordingly, because Mr. Caldwell is a patient, not a prisoner, he is not required to provide a six month accounting under 28 U.S.C.A. § 1915(b). Thus, to qualify for in forma pauperis status, Mr. Caldwell need only provide the Court (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets

5

plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor.  28 U.S.C. § 1915(a)(1).  Mr. Caldwell's Amended Complaint meets the first two requirements.  Accordingly, Mr. Caldwell's Counsel need only address the final two elements in his amended application for in forma pauperis status.

**III.  CONCLUSION**

For the reasons set out above, Plaintiff's Counsel has twenty days to file an amended application to proceed in forma pauperis which meets the guidelines as laid out above.

**IT IS SO ORDERED** this 26th day of March, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

6